1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11                          ----oo0oo----

12

13

ADAM G. KELLY, by and through
14 his Guardian Ad Litem PAULETTE
M. GRANDINETTI; RAPHELIA B.
15 GRANDINETTI,
                                   NO. CIV. S-05-02047 FCD KJM
16          Plaintiffs,

17     v.                          MEMORANDUM AND ORDER

18 NORTH HIGHLANDS RECREATION &
PARK DISTRICT; CHRISTINE
19 BAGLEY; MARY WALL; HEATHER
HORNBACK; CHUCK BERNARDI; KAY
20 F. DAHILL; TRAVIS BILL; JOANNA
MCVAY; DIANE RICHARDS; ROBERT
21 LITTLE; ALAN MATRE; DOES 1
through 20,
22
            Defendants.
23

24                          ----oo0oo----

25     This matter comes before the court on defendants' North

26 Highland Recreation & Park District ("District"), Travis Bill

27 ("Bill"), Joanna McVay ("McVay"), Diane Richards ("Richards"),

28

                                 1

1  Robert Little ("Little"), Alan Matre ("Matre") and Kay Dahill's[1]

2  ("Dahill") (collectively "defendants") motion to dismiss

3  plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal

4  Rules of Civil Procedure.[2]  For the reasons set forth below,[3]

5  defendants' motions are GRANTED in part and DENIED in part.

6  **BACKGROUND**[4]

7      Plaintiff Adam G. Kelly was thirteen years old at the time

8  of the events in question.  (Pls.' Compl. at 5.)  Plaintiff

9  Ralphelia B. Grandinetti is Adam's foster mother and legal

10 guardian.  (Id.)  Adam is a "special needs" foster child who has

11 the mentality of a child of six to eight years of age and who

12 also has epilepsy and some physical abnormalities.  (Id.)  Adam

13 was a member of defendant North Highlands Recreation & Park

14 District's ("District") swim team, the "Highlander Dolphins Swim

15 Team."  (Id.)

16     On June 14, 2004, Adam was participating in his scheduled

17 swimming practice.  (Id.)  Plaintiffs allege that Defendant

18 Christine Bagley ("Bagley"), a swim coach for the team, placed or

19 forced Adam to sit on a hot metal folding chair in direct sun in

20

21

22 [1]    Defendants assert that Christine Bagley, Mary Wall,
   Heather Hornback, and Chuck Bernardi have not been served with
   plaintiffs' complaint and are therefore, not a part of the
23 motion.  (Defs.' Mot. at 2 n.2).

24 [2]    All further references to a "Rule" are to the Federal
   Rules of Civil Procedure.
25

   [3]    Because oral argument will not be of material
26 assistance, the court orders this matter submitted on the briefs.
   E.D. Cal. Local Rule 78-230(h).
27

   [4]    The facts of this case are taken from plaintiffs'
28 allegations in the complaint.

2

1  approximately 100 degree weather as some sort of discipline.

2  Adam was forced to remain on the hot metal chair for

3  approximately 35-45 minutes while Bagley yelled at Adam only

4  inches from his face.  (Id. at 5-6).  When Adam complained that

5  the hot metal chair was hurting him and got up from the chair,

6  Bagley yelled at Adam that he had to remain in the chair or

7  physically forced Adam back into the chair.  (Id. at 6).

8  Defendants Mary Wall and Heather Hornback both witnessed the

9  interaction between Bagley and Adam, but took no action.  (Id.)

10  Adam's foster mother, Ralphelia Grandinetti ("Grandinetti")

11  personally witnessed portions of the interaction between Adam and

12  Bagley, but was prohibited from entering the pool area.  (Id. at

13  11).  As a result of these events, Adam became seriously ill and

14  was treated at the Mercy San Juan Hospital Emergency Room that

15  evening and into the next morning.  (Id. at 6).

16      Plaintiffs allege that Bagley had been terminated from her

17  previous job at the McKinley Park Pool for "abuse" or other

18  improper conduct and that the individual defendants were aware of

19  this fact prior to or after hiring Bagley.  (Id. at 12).

20  Plaintiffs also allege that "the acts of the defendants, and each

21  of them, were done at the direction and with the knowledge,

22  approval, and/or ratification, of the remaining defendants."

23  (Id. at 5).

24      Plaintiffs further allege that defendants did not make

25  reasonable accommodations or modifications in their policies,

26  practices, or procedures to avoid discrimination on the basis of

27  disability, but instead, imposed corporeal punishment upon Adam.

28  (Id. at 9).  As a result, Adam was ostracized, harassed,

3

1   threatened, and/or retaliated against for publicizing,

2   complaining about, and seeking disciplinary action for the June

3   14 events.  (Id.)  Plaintiffs allege that the conduct of

4   defendants was motivated, at least in part, by the race,

5   ethnicity, and/or national origin of Adam's foster mother,

6   Ralphelia Grandinetti, who is Mexican/Hispanic-Italian.  (Id. at

7   10).

8        Plaintiffs brought this action in Sacramento County Superior

9   Court against the District and the individual defendants for

10  assault, battery, false imprisonment, intentional infliction of

11  emotional distress, and negligence under California state law.

12  Plaintiffs allege disability discrimination under state and

13  federal law and racial, ethnic, or national origin discrimination

14  under state and federal law.  Plaintiffs seek both compensatory

15  and punitive damages.  (Id. at 3).

16       Defendants removed the action to this court on October 11,

17  2005.  Defendants filed this motion to dismiss all of plaintiffs'

18  state and federal claims.  Defendants also move to strike all

19  claims for punitive damages.

                            **STANDARD**

21       On a motion to dismiss, the allegations of the complaint

22  must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322

23  (1972).  The court is bound to give plaintiff the benefit of

24  every reasonable inference to be drawn from the "well-pleaded"

25  allegations of the complaint.  Retail Clerks Int'l Ass'n v.

26  Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

27  need not necessarily plead a particular fact if that fact is a

28  reasonable inference from facts properly alleged.  See id.

                                4

1    Given that the complaint is construed favorably to the

2  pleader, the court may not dismiss the complaint for failure to

3  state a claim unless it appears beyond a doubt that the plaintiff

4  can prove no set of facts in support of the claim which would

5  entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45

6  (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th

7   Cir. 1986).

8    Nevertheless, it is inappropriate to assume that plaintiff

9  "can prove facts which it has not alleged or that the defendant[]

10 ha[s] violated the . . . laws in ways that have not been

11 alleged."  Associated Gen. Contractors of Calif., Inc. v. Cal.

12 State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover,

13 the court "need not assume the truth of legal conclusions cast in

14 the form of factual allegations."  United States ex rel. Chunie

15 v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

16                          **ANALYSIS**

17 **A.   No Statutory Enactment Establishing Liability**

18    Defendant District argues that plaintiffs' complaint fails

19 to specifically identify the statutory enactment establishing

20 liability for the state law causes of action alleged in

21 plaintiffs' first, second, third, sixth, and seventh claims for

22 relief. (Defs.' Mot. at 4).  In California, governmental tort

23 liability must be based on statute.  Cal. Gov. Code § 815

24 ("Except as otherwise provided by state, . . . a public entity is

25 not liable for an injury, whether such injury arises out of an

26 act or omission of the public entity or a public employee or any

27 other person."); Thomas v. City of Richmond, 9 Cal. 4th 1154,

28 1157 (1995); Washington v. County of Contra Costa, 38 Cal. App.

5

1 4th 890, 895-96 (1995).  A plaintiff asserting liability against

2 a public entity "must specifically allege the applicable statute

3 or regulation."  See Thomas, 9 Cal. 4th at 1157; Washington, 38

4 Cal. App. 4th at 896 (discussing the need for specificity in the

5 context of suits brought under § 815.6).  "In order to recover

6 plaintiffs have to show that there is some *specific* statutory

7 mandate that was violated by the County, which violation was a

8 proximate cause of the [harm]."  Washington, 38 Cal. App. 4th at

9 896 (emphasis in original); see also Searcy v. Hemet Unified Sch.

10 Dist., 177 Cal. App. 3d 792, 802 (1968) ("Since the duty of a

11 governmental agency can only be created by statute or enactment,

12 the statute or enactment claimed to establish the duty must at

13 the very least be identified.").

14       Plaintiffs have not identified any statutes giving rise to

15 public entity liability for defendant District.  Without such

16 identification, plaintiffs' complaint fails to establish public

17 entity liability against defendant District.  Therefore,

18 defendant District's motion is GRANTED with leave to amend.

19 **B.     State Law Immunity**

20       Defendants McVay, Richards, Little, Matre, and Dahill

21 ("board defendants") are board members for defendant District.

22 (Compl. at 5).  Board defendants argue that various governmental

23 immunities apply, shielding them from liability.  Specifically,

24 Board defendants argue that (1) they cannot be held vicariously

25 liable for any torts of their subordinates pursuant to Cal. Gov.

26 Code §§ 820.8-820.9; and (2) they are entitled to discretionary

27 immunity pursuant to Cal. Gov't Code § 820.2.

28 /////

6

1      **1.    California Government Code Sections 820.8 and 820.9**

2      Board defendants argue that their motion to dismiss should

3   be granted because they cannot be held vicariously liable for the

4   acts of others pursuant to §§ 820.8-820.9 of the Government Code.

5   Section 820.8 provides that "[e]xcept as otherwise provided by

6   statute, a public employee is not liable for an injury caused by

7   the act or omission of another person."  Section 820.9 provides

8   that "members of governing boards of other local public entities

9   . . . are not vicariously liable for injuries caused by the act

10  or omission of the public entity or advisory body."  To the

11  extent that plaintiffs allege that board defendants are liable

12  for the tortious conduct of others or for injuries caused by the

13  public entity or board, board defendants are immune under the

14  California Government Code.

15     Plaintiffs argue that the complaint sufficiently states a

16  claim against board defendants because it alleges that "[t]he

17  acts of the defendants, and each of them, were done at the

18  direction and with the knowledge, approval, and/or ratification

19  of the remaining defendants."  (Compl. at 5).  Plaintiffs contend

20  that this allegation constitutes a claim for direct liability of

21  the board defendants, not vicarious liability.  Neither § 820.8

22  or § 820.9 exonerates board defendants from liability for injury

23  caused by their own wrongful conduct.  Therefore, plaintiffs

24  allege that each board defendant is liable for their own tortious

25  conduct, not for the conduct of other defendants.

26     On a motion to dismiss, the court must examine the

27  allegations in the complaint in the light most favorable to the

28  plaintiff and draw all reasonable inferences therefrom.  See Fed.

7

1   R. Civ. Proc. 12(b)(6).  In this case, although far from

2   illuminating, plaintiffs' allegations are sufficient to give

3   board defendants notice of the claims against them and the

4   grounds upon which they are based.  See Leatherman v. Tarrant

5   County Narcotics Intelligence and Coordination Unit, 507 U.S.

6   163, 168 (1993).  Plaintiffs allege that board defendants

7   directed the allegedly tortious actions of other named defendants

8   and that board defendants also knew, approved, and/or ratified

9   this conduct.  Under a liberal notice pleading standard, these

10  allegations, in conjunction with the facts alleged against other

11  named defendants, are sufficient to state a claim against board

12  defendants.  Further, plaintiffs' assertions allege wrongful acts

13  committed by board defendants, and therefore, are outside the

14  scope of §§ 820.8-820.9.  Therefore, board defendants' motion to

15  dismiss based upon statutory immunity from vicarious liability

16  under §§ 820.8-820.9 is DENIED.

17       **2.   California Government Code Section 820.2**

18       Board defendants argue that their motion to dismiss should

19  be granted because they are protected by state law discretionary

20  immunity pursuant to § 820.2 of the Government Code.  Section

21  820.2 provides immunity to a public employee for injuries

22  resulting from "his act or omission where the act or omission was

23  the result of the exercise of the discretion vested in him,

24  whether or not such discretion be abused."  Cal. Gov't Code §

25  820.2 (West 2005).  Generally, "a discretionary act is one which

26  requires the exercise of judgment or choice."  Kemmerer v. County

27  of Fresno, 200 Cal. App. 3d 1426, 1437 (1988).  However,

28  California courts have not set forth a definitive rule which

8

1 resolve every case.  Id.  Rather, the California Supreme Court

2 has adopted an analysis that relies on the "policy considerations

3 relevant to the purpose of granting immunity to the governmental

4 agency whose employees act in discretionary capacities."  Id.

5 (internal citations omitted).

6     Immunity is reserved for those basic policy decisions
      which have been expressly committed to coordinate
7     branches of government, and as to which judicial
      interference would thus be 'unseemly.' Such areas of
8     quasi-legislative policy-making are sufficiently
      sensitive to call for judicial abstention from
9     interference that might even in the first instance
      affect the coordinate body's decision-making process.

10

11 Barner v. Leeds, 24 Cal. 4th 676, 685 (2000).  "Immunity applies

12 only to *deliberate and considered* policy decisions in which a

13 conscious balancing of risks and advantages took place."

14 Caldwell v. Montoya, 10 Cal. 4th 972, 981 (1995) (internal

15 quotation omitted).

16     Plaintiffs' first, second, third, and sixth claims for

17 relief allege intentional torts against board defendants.  The

18 allegation that plaintiffs provide in the complaint to support

19 these claims is that "[t]he acts of the defendants, and each of

20 them, were done at the direction and with the knowledge,

21 approval, and/or ratification of the remaining defendants."

22 (Compl. at 5).  Under the liberal notice pleading standard, this

23 allegation is sufficient to give board defendants notice of the

24 basis of the claims against them.  However, this broad allegation

25 provides insufficient information in order to determine whether

26 discretionary immunity applies.

27     At this stage of the litigation, based upon the allegations

28 in the complaint, the court cannot determine whether the alleged

1 direction, approval, or ratification by board defendants were

2 basic policy decisions entitled to immunity under § 820.2, or

3 whether the alleged actions were direct discrimination against

4 the plaintiffs by board defendants.  In the latter circumstance,

5 board defendants would not be entitled to discretionary immunity

6 under § 820.2.  See Massey v. Banning Unified Sch. Dist., 256 F.

7 Supp. 2d 1090, 1097 (C.D. Cal. 2003).  Because the court cannot

8 find that state discretionary immunity under § 820.2 applies to

9 board defendants in regards to plaintiffs' first, second, third,

10 and sixth claims for relief, board defendants' motion to dismiss

11 is DENIED.

12      Plaintiffs' seventh claim for relief alleges that board

13 defendants were negligent in their "failure or refusal to

14 terminate or otherwise punish or discipline" the defendants

15 involved in the June 14, 2004 incident.  (Compl. at 12).  The

16 decision whether or not to initiate disciplinary proceedings and

17 what discipline to impose is a discretionary decision.  See

18 Kemmerer, 200 Cal. App. 3d at 1438.  "The decision involves the

19 exercise of analysis and judgment as to what is just and proper

20 under the circumstances and is not a purely ministerial act."

21 Id.; see also Caldwell, 10 Cal. 4th at 983 ("The board's

22 collective determination whether to . . . fire a person . . .

23 must be considered a basic policy decision, immune from civil

24 damages actions.").

25      Further, a fair reading of the complaint reveals allegations

26 that the Board made an actual, conscious, and considered

27 collective policy decision.  See id. at 984.  Plaintiffs allege

28 that board defendants "failed or refused to take any meaningful

10

1 action" against the named defendants despite knowledge of the

2 incident and the receipt of numerous statements of witnesses and

3 complaints.  (Compl. at 12).  The complaint asserts that board

4 defendants purposefully refused to discipline the other

5 defendants involved in the incident.  However, "claims of

6 improper evaluation cannot divest a discretionary policy decision

7 of its immunity."  Caldwell, 10 Cal. 4th at 984.  Because board

8 defendants had discretion regarding the implementation of

9 disciplinary action, and because the complaint alleges that board

10 defendants made a purposeful decision not to discipline the

11 defendants involved in the incident, board defendants are

12 entitled to immunity pursuant to § 820.2.

13      Plaintiffs' seventh claims for relief also alleges that

14 board defendants were negligent "in the hiring, training, and

15 supervision" of defendants involved in the June 14 incident.

16 Specifically, plaintiffs point to board defendants' hiring of

17 Bagley because she "had been terminated from her previous job . .

18 . for 'abuse' or other improper conduct."  (Compl. at 12).  A

19 board's decision to hire a person is a basic policy decision

20 entitled to immunity.  See Caldwell, 10 Cal. 4th at 983.

21 Further, the complaint alleges that board defendants were aware

22 that Bagley had been terminated from her previous job for "abuse"

23 or other misconduct "prior to and/or after hiring" her.  (Compl.

24 at 12).  A fair reading of this allegation asserts that board

25 defendants made a purposeful decision to hire defendant Bagley

26 with knowledge of the relevant risks.  Therefore, board

27 defendants are entitled to immunity pursuant to 820.2.

28 /////

11

1  Defendant's motion is GRANTED with prejudice for any state tort

2  claims arising out of allegations regarding these decisions.[5]

3  **C.   Failure to State a Claim**

4       Plaintiffs' claim of negligence against board defendants

5  alleges the "failure to prevent or stop the June 14, 2004 abuse"

6  of plaintiff Adam Kelly.  (Compl. at 12).  Plaintiffs have not

7  pled facts sufficient to support a claim against the board

8  defendants in this regard.  Plaintiffs do not allege that board

9  defendants were present during the June 14 incident or in any

10 position to prevent or stop the alleged abuse.  Therefore, there

11 is no cognizable claim based upon this allegation.  Board

12 defendants' motion to dismiss is GRANTED with leave to amend.

13 **D.   Individual Liability for Discrimination**

14      All individual defendants argue that plaintiffs' fourth and

15 fifth claims, which allege discrimination on the basis of

16 disability in violation of the Americans with Disabilities Act

17 ("ADA") and California law and for discrimination on the basis of

18 race, ethnicity, or national origin in violation of their civil

19 rights, should be dismissed where there is no individual

20 liability imposed by statute.

21      **1.   Discrimination on the Basis of Disability**

22      Defendants argue that individual employees are not liable

23 for discrimination under the ADA.  Plaintiffs bring their claim

24 under 42 U.S.C. § 12132 which provides that:

25

26      [5]   However, to the extent that plaintiffs may raise claims
   in an amended complaint that board defendants failed to perform
27 any mandatory duties, § 820.2 does not apply.  Under this
   section, board defendants are not immune from claims that allege
28 breach of a mandatory duty.

1
2
3
> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

4  A potential defendant under the statute is any "public entity"

5  which includes, among others, "any department, agency, special

6  purpose district, or other instrumentality of a State . . . or

7  local government." Id.  Individuals are not proper defendants

8  under Title II of the ADA. See Walker v. Snyder, 213 F.3d 344,

9  346 (7th Cir. 2000); Alsbrook v. City of Maumelle, 184 F.3d 999,

10 1005 n. 8 (8th Cir. 1999); Becker v. Odoc, 170 F. Supp. 2d 1061,

11 1066 (D. Or. 2001).  However, individuals may be sued in their

12 official capacities under the ADA because suing an individual in

13 his official capacity is in essence the same as suing the entity

14 itself.  Becker, 170 F. Supp. 2d at 1066 (citing Kentucky v.

15 Graham, 473 U.S. 159, 166 (1985)).

16 Because the complaint does not clearly state the capacity in

17 which plaintiffs are suing defendants, the court will interpret

18 the complaint as asserting liability against the defendants in

19 both their individual and official capacities.  See Romano v.

20 Bible, 169 F.3d 1182, 1186 (9th Cir. 1999) (citing Shoshone-

21 Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th

22 Cir. 1994); Cerrato v. San Francisco Community College Dist., 26

23 F.3d 968, 973 n. 16 (9th Cir. 1994)).  To the extent that

24 plaintiffs allege claims against defendants in their personal

25 capacities, defendants' motion to dismiss is GRANTED with

26 prejudice.  To the extent the plaintiffs allege claims against

27 defendants in their official capacities, defendants' motion to

28 dismiss is DENIED.

1    Plaintiffs assert that their claims against individual

2  defendants are also based upon the retaliation provision of the

3  ADA.  Specifically, plaintiffs allege that "both Adam and other

4  family members and/or relatives were ostracized, harassed,

5  threatened, and/or retaliated against" for "publicizing,

6  complaining about, and/or seeking appropriate disciplinary and or

7  other action" for Adam's alleged mistreatment motivated by his

8  disability.  (Compl. at 9).[6]  Section 12203(a) of the ADA

9  provides that:

10       No person shall discriminate against any individual
         because such individual has opposed any act or practice
11       made unlawful by this chapter or because such
         individual made a charge, testified, assisted, or
12       participated in any manner in an investigation,
         proceeding, or hearing under this chapter.
13

14    Defendants contend that individuals are not proper

15  defendants for retaliation claims brought under the ADA.

16  Plaintiffs contend that the "plain language" of the retaliation

17  provision extends liability to *any* person, including persons or

18  entities not otherwise liable under the ADA.  While the Ninth

19  Circuit has not addressed this issue, other circuit courts as

20  well as several district courts within the Ninth Circuit have

21  dealt with analogous cases.  See e.g., Baird v. Rose, 192 F.3d

22  462 (4th Cir. 1999); Hiller v. Brown, 177 F.3d 542 (6th Cir.

23

24       [6]    Defendants contend that plaintiffs' fourth claim for
     relief does not mention retaliation.  This statement belies that
25   contention.  While plaintiffs' complaint is in many other aspects
     insufficient to put defendants on notice of the claims against
26   them, plaintiffs' allegations based upon the retaliation
     provisions of the ADA are sufficient to put defendants on notice
27   of the claims against them as well as the factual basis for that
     claim.  Therefore, the allegations satisfy the liberal notice
28   pleading standard.  See Fed. R. Civ. Proc. 8.

14

1  1999); <u>Van Hulle v. Pacific Telesis Corp.</u>, 124 F. Supp. 2d 642

2  (N.D. Cal. 2000); <u>Stern v. Cal. State Archives</u>, 982 F. Supp. 690

3  (E.D. Cal. 1997); <u>Ostrach v. Regents of the Univ. of Cal.</u>, 957 F.

4  Supp. 196 (E.D. Cal. 1997).

5       In <u>Ostrach</u>, the plaintiff filed a claim of retaliatory

6  discharge against his employer, his supervisor, and other

7  employees.  957 F. Supp. at 197.  The court held that because

8  there was no binding Ninth Circuit precedent, the issue of

9  individual liability for retaliation claims was a matter of

10  statutory construction.  <u>Id.</u> at 200.  The court stated that

11  unlike § 12112 which refers to liability of an "employer," §

12  12203 refers to liability of a "person."  <u>Id.</u>  Therefore, the

13  court held that the plaintiff could sue the individual defendants

14  under the anti-retaliation provision of the ADA.  <u>Id.</u>

15       However, virtually all other courts have disagreed with

16  <u>Ostrach</u>, holding that individuals are not liable under the

17  retaliation provision.  <u>See</u> <u>Baird</u>, 192 F.3d 462; <u>Hiler</u> 177 F.3d

18  542; <u>Van Hulle</u>, 124 F. Supp. 2d 642; <u>Stern</u>, 982 F. Supp. 690.

19  These courts have held that in light of the overall structure of

20  the ADA, Congress did not intend to create individual liability

21  under the retaliation provision.  <u>Id.</u>

22       The focus of the analysis by almost all courts that have

23  addressed this issue is the availability of remedies to the

24  plaintiff from individual defendants.  <u>See</u> <u>Van Hulle</u>, 124 F.

25  Supp. 2d at 646 (public accommodations context); <u>Stern</u>, 982 F.

26  Supp. at 693 (employment context) ("[T]he question should be,

27  what remedies did Congress provide an aggrieved person for

28  workplace retaliation.").  Where Congress has explicitly provided

15

1  remedies, there is no need to imply remedies.  Stern, 982 F.

2  Supp. at 694 (citing Franklin v. Gwinnett County Public School,

3  503 U.S. 60 (1992)).

4      There is no need to imply remedies in this case because

5  Congress expressly provides remedies for public services

6  retaliation claims.  Subsection 12203(c) of the ADA outlines the

7  remedies available to an aggrieved person by referring the

8  individual to the remedial sections of the appropriate

9  subchapter.  Where, as in this case, the plaintiff alleges

10 retaliation in the context of public services, the remedies

11 available are outlined in section 12133.  See 42 U.S.C. §

12 12203(c).  Section 12133, in turn, refers such claims to the

13 remedial provisions of section 505 of Rehabilitation Act of 1973.

14 29 U.S.C. § 794(a).  The remedial provisions of section 505 of

15 the Rehabilitation Act provide that the remedies are those found

16 in Title VII, 42 U.S.C. § 2000e, or those found in Title VI of

17 the Civil Rights Act of 1964, 42 U.S.C. § 2000d.[7]  29 U.S.C. §

18 794(a).  Title VII does not provide a remedy against individual

19 defendants.  See Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir.

20 1995); Stern, 982 F. Supp. at 693.  Therefore, because there is

21 no remedy under the ADA for claims brought against individual

22 defendants in the public services context, individual defendants

23 cannot be held liable for retaliation in violation of the ADA.

24     As discussed above, the court interprets the complaint as

25 asserting liability against the defendants in both their

26

27     [7]   Title VI is not applicable because plaintiffs' claims
   do not involve a school district or a school district's programs.
28 42 U.S.C. § 2000d.

16

1  individual and official capacities.  To the extent that
2  plaintiffs allege claims against defendants in their personal
3  capacities, defendants' motion to dismiss is GRANTED with
4  prejudice.  To the extent the plaintiffs allege claims against
5  defendants in their official capacities, defendants' motion to
6  dismiss is DENIED.

7       Plaintiffs' fourth claim for relief also asserts liability
8  under California law.  However, plaintiffs' complaint does not
9  contain any statutory provisions upon which they base their
10 claim.  The Federal Rules of Civil Procedure require that a
11 pleading provide "a short and plain statement of the claim
12 showing that the pleader is entitled to relief."  Fed. R. Civ. P.
13 8(a); see Conley v. Gibson, 355 U.S. 41, 47 (1957) ("[A]ll the
14 Rules require is 'a short and plain statement of the claim' that
15 will give the defendant fair notice of what the plaintiff's claim
16 is and the grounds upon which it rests.").  The purpose of Rule 8
17 "is that the adversary party or parties have sufficient notice to
18 prepare their defense and the court is sufficiently informed to
19 determine the issue presented."  Philadelphia Dressed Beef Co. v.
20 Wilson & Co., 19 F.R.D. 198, 201 (E.D. Pa. 1956).  Because the
21 court cannot discern the basis for plaintiffs' state law claims
22 based upon disability discrimination, pursuant to Rule 8(a), the
23 court dismisses plaintiffs' complaint for failure to state the
24 basis for their claims with leave to amend.

25      **2.   Discrimination on the Basis of Race, Ethnicity, or
            National Origin**
26

27      Plaintiffs' fifth claim for relief alleges that the conduct
28 of defendants was motivated by the race, ethnicity, and/or

                              17

1 national origin of plaintiff Ralphelia Grandinetti in violation

2 of the civil rights of plaintiffs.  The claim presents a

3 cognizable factual basis for claim of discrimination.  However,

4 the court cannot discern the basis for plaintiffs' claims.  It is

5 unclear whether plaintiffs assert violations of state law,

6 federal law, or both; it is also unclear what statutory basis

7 plaintiffs rely upon in bringing these claims.  Because the court

8 cannot discern the basis upon which plaintiffs bring their fifth

9 claim for relief, pursuant to Rule 8(a), the court dismisses

10 plaintiffs' complaint for failure to state the basis for their

11 claims with leave to amend.

12 **E.    Punitive Damages**

13      Both sides agree that punitive damages are not available

14 against a public employee in his official capacity pursuant to

15 Government Code § 818.  Cal. Gov't Code § 818 (West 2005).

16 However, defendants argue that because the alleged conduct of the

17 individual defendants occurred while they were acting as

18 employees or agents of the District, a public entity, Government

19 Code § 818 also prohibits a claim of punitive damages against the

20 individual defendants.  This section does not preclude a claim of

21 punitive damages against public employees sued in their

22 individual capacities.  See Gallo v. Board of Regents of the

23 University of California, 916 F. Supp. 1005, 1009-10 (S.D. Cal.

24 1995); Runyon v. Superior Court of Riverside County, 187 Cal.

25 App. 3d 878. 881 (1986).  "A public employee may be liable for

26 punitive damages like a private person but unlike a public entity

27 which is specifically immune."  Runyon, 187 Cal. App. 3d at 881.

28 /////

1  Therefore, defendants' motion to strike plaintiffs' claim for

2  punitive damages against the individual defendants is DENIED.

3  **F.    Leave to Amend**

4       Plaintiffs seek leave to amend their complaint to cure any

5  material defects as well as to add claims of civil rights

6  violations pursuant to 42 U.S.C. § 1983.  Pursuant to Rule 15(a),

7  "leave [to amend] is to be freely given when justice so

8  requires."  "[L]eave to amend should be granted unless amendment

9  would cause prejudice to the opposing party, is sought in bad

10 faith, is futile, or creates undue delay."  <u>Martinez v. Newport</u>

11 <u>Beach</u>, 125 F.3d 777, 785 (9th Cir. 1997).  There is no indication

12 that plaintiffs' amendment would prejudice the opposing party, is

13 sought in bad faith, is futile, or would create undue delay.[8]

14 Therefore, plaintiffs are granted leave to amend their complaint.

15                          **CONCLUSION**

16      For the foregoing reasons, defendants' motions are GRANTED

17 in part and DENIED in part.  Plaintiffs are granted fifteen (15)

18 days from the date of this order to file a first amended

19 complaint in accordance with this order.  Defendants are granted

20 thirty (30) days from the date of service of plaintiffs' first

21 amended complaint to file a response thereto.

22      IT IS SO ORDERED.

23 DATED: January 18, 2006

                          /s/Frank C. Damrell, Jr.
24
                          FRANK C. DAMRELL, Jr.
25                        UNITED STATES DISTRICT JUDGE

26

27      [8]    Plaintiffs may not amend their complaint where the
   court has granted defendants' motion to dismiss with prejudice
28 because amendment of these claims would be futile.

                               19