Allison M. Dibley (SBN 213104)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NORTH HIGHLANDS RECREATION & PARK
DISTRICT; KAY F. DAHILL; JOANNA McVAY;
DIANE RICHARDS; ROBERT LITTLE; and ALAN
MATRE

Randall L. Wiens (SBN 105326)
LAW OFFICES OF RANDALL L. WIENS
1007 – 7th Street, Suite 500
Sacramento, California 95814
Telephone: (916) 446-1900
Facsimile: (916) 446-1919

Attorneys for Plaintiffs
ADAM G. KELLY, by and through his Guardian
Ad Litem PAULETTE M. GRANDINETTI; and
RAPHELIA B. GRANDINETTI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| ADAM G. KELLY, by and through his Guardian Ad Litem Paulette M. Grandinetti; RAPHELIA B. GRANDINETTI,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH HIGHLANDS RECREATION & PARK DISTRICT; CHRISTINE BAGLEY; MARY WALL; HEATHER HORNBACK; CHUCK BERNARDI; KAY F. DAHILL; TRAVIS BILL; JOANNA McVAY; DIANE RICHARDS; ROBERT LITTLE; ALAN MATRE; and DOES 1-20,<br><br>Defendants. | Case No. 2:05-CV-02047-FCD-KJM<br><br>**STIPULATION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND/OR, ALTERNATIVELY, REQUEST FOR SANCTIONS**<br><br>First Amended Complaint filed: 02/02/06 |

Defendants NORTH HIGHLANDS RECREATION & PARK DISTRICT, KAY F. DAHILL, JOANNA McVAY, DIANE RICHARDS, ROBERT LITTLE and ALAN MATRE (collectively "Defendants") and Plaintiffs ADAM G. KELLY, by and through his Guardian Ad

Litem PAULETTE M. GRANDINETTI and RAPHELIA B. GRANDINETTI (collectively "Plaintiffs") (all together "the Parties") hereby stipulate as follows:

1. Plaintiffs filed a lawsuit under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), comparable provisions of California state law, and the Civil Rights Act of 1964 (42 U.S.C. § 1981 et seq.) against Defendants, claiming violations of Plaintiffs' rights to be free of discrimination on the basis of disability, race, ethnicity, or national origin.

2. On October 31, 2005, Defendants filed their Motion to Dismiss Plaintiffs' Complaint ("Defendants' First Motion").

3. By Order dated January 18, 2006, the Court granted in part and denied in part Defendants' First Motion. Memorandum and Order, dated January 18, 2006 ("Order"). The Court dismissed Plaintiffs' Fourth Cause of Action for disability discrimination and retaliation, with prejudice, to the extent Plaintiffs sued Defendants Joanna McVay ("McVay"), Diane Richards ("Richards"), Robert Little ("Little"), Alan Matre ("Matre"), and Kay Dahill ("Dahill") (collectively, the "Board Defendants") in their personal capacity. Order, p. 13:23-28; p. 17:1-6.[1] Pursuant to Federal Rule of Civil Procedure 8(a), the Court also dismissed, with leave to amend, Plaintiffs' Fifth Cause of Action for race/ethnic/national origin discrimination for failure to state the basis for their claims against the Board Defendants. Order, p. 18:3-11.

4. The Court granted Defendants' First Motion as to Plaintiffs' Seventh Cause of Action for Negligence, holding that discretionary immunity under California Government Code section 820.2 shields the Board Defendants from liability for failure or refusal to terminate or otherwise punish or discipline the employee Defendants Christine Bagley ("Bagley"), Mary Wall ("Wall"), Heather Hornback ("Hornback"), Chuck Benardi ("Benardi"), and Travis Bill ("Bill") (collectively, the "Employee Defendants"). Order, p. 11:7-12. The Court further held that the Board Defendants cannot be held liable for the failure to prevent or stop the June 14, 2004 incident unless Plaintiff alleges that the Board Defendants "were present during the June

---

[1] Defendant Travis Bill ("Bill") has not been served with Plaintiffs' Complaint or Plaintiffs' First Amended Complaint and he was not a moving party with respect to Defendants' First Motion. Nonetheless, the Court appears to have inadvertently included Bill in its Order.

1  14 incident or in any position to prevent or stop the alleged abuse." Order, p. 12:8-12.

2     5.    Regarding Plaintiffs' Seventh Cause of Action for negligent hiring, training and
3  supervision of the Employee Defendants, the Court ruled as follows:

> Plaintiffs' seventh claims for relief also alleges that board defendants were negligent "in the hiring, training, and supervision" of defendants involved in the June 14 incident. Specifically, plaintiffs point to board defendants' hiring of Bagley because she "had been terminated from her previous job . . . for 'abuse' or other improper conduct." (Compl. at 12). A board's decision to hire a person is a basic policy decision entitled to immunity. See Caldwell, 10 Cal.4th at 983. Further, the complaint alleges that board defendants were aware that Bagley had been terminated from her previous job for "abuse" or other misconduct "prior to and/or after hiring" her. (Compl. at 12). A fair reading of this allegation asserts that board defendants made a purposeful decision to hire defendant Bagley with knowledge of the relevant risks. Therefore, board defendants are entitled to immunity pursuant to 820.2. Defendant's motion is GRANTED with prejudice for any state tort claims arising out of allegations regarding these decisions.

Order, p. 11:13 – 12:2.

6.   Plaintiffs filed their First Amended Complaint on February 2, 2006. In spite of the Court's ruling as described in paragraphs 3 through 5 above, Plaintiffs again assert a cause of action for disability discrimination and retaliation against the Board Defendants in their official and individual capacities. Plaintiffs' First Amended Complaint ("Complaint"), p. 4:4-7; p. 8:38 – 10:10. In addition, Plaintiffs again assert a negligence cause of action against the Board Defendants for: (a) failure or refusal to terminate or otherwise punish or discipline the Employee Defendants; (b) negligent hiring, training, and supervision of the Employee Defendants; and (c) failure to prevent or stop the June 14, 2004 incident even though Plaintiffs failed to allege that the Board Defendants were present during the June 14 incident or in any position to prevent or stop the alleged abuse. Complaint, p. 14:8-12.

7.   Since Plaintiffs continued to assert causes of action in their Complaint that the Court specifically dismissed with prejudice in its Order, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint and/or, Alternatively, Request for Sanctions ("Defendants' Second Motion") on February 16, 2006. Plaintiffs filed their Opposition to

Defendants' Second Motion on April 4, 2006. Plaintiffs argue that they are not permitted to strike or delete any allegations or causes of action from their amended pleading, even if the Court dismissed such allegations or causes of action with prejudice.

8. After extensive meet and confer efforts, the parties have reached agreement on most of the issues raised in Defendants' Second Motion. The Parties agree that the remaining causes of action against Defendants include only the following: (1) Assault; (2) Battery; (3) False Imprisonment (inadvertently labeled "Battery"); (4) Disability Discrimination (including retaliation) against Defendant North Highlands Recreation & Park District (the "District") and the Board Defendants in their official capacities only; (5) Race/Ethnic/National Origin Discrimination against the District and the Board Defendants in their official capacities only; (6) Intentional Infliction of Emotional Distress; and (7) Negligence against the District and the Board Defendants with the exception of any state tort claims against the Board Defendants arising out of allegations regarding: (a) failure or refusal to terminate or otherwise punish or discipline the Employee Defendants; (b) negligent hiring of Bagley; and (c) failure to prevent or stop the June 14, 2004 incident. The Parties further agree that no cause of action for punitive damages may be stated against the Board Defendants with respect to the Fourth and Fifth Causes of Action.

9. The Parties disagree regarding whether a negligence cause of action may be stated against the Board Defendants for the negligent hiring, training, and supervision of the Employee Defendants. Plaintiffs interpret the Order as granting Defendants' First Motion with respect to Plaintiffs' claim against the Board Defendants for negligent hiring of Bagley only. Defendants interpret the Order as granting Defendants' First Motion with respect to Plaintiffs' claim against the Board Defendants for negligent hiring, training, and supervision of the Employee Defendants.

10. Since the Parties have reached agreement regarding the allegations contained in Plaintiffs' Fourth and Fifth Claims for Relief that survive Defendants' First Motion, the Parties respectfully request that the Court's April 6, 2006 Minute Order and the April 20, 2006 Stipulation and Order for Continuance of Deadlines Set Forth in Court's April 6, 2006 Minute

Order be vacated.

11.  The Parties also respectfully request that they be permitted to brief and argue the one remaining issue from Defendants' Second Motion that they continue to dispute:  Whether the Board Members may be held liable for the negligent hiring, training, or supervision of the Employee Defendants.

12.  The Parties propose the following briefing and hearing schedule:

| | |
|---|---|
| May 26, 2006: | Defendants' Opening Brief |
| June 2, 2006: | Plaintiffs' Opposition |
| June 9, 2006: | Defendants' Reply |
| June 16, 2006: | Oral Argument to be heard by the Court at 10:00 a.m. |

Dated: May ___, 2006                                    JACKSON LEWIS LLP


By: _____
Allison M. Dibley
Attorneys for Defendants
NORTH HIGHLANDS RECREATION &
PARK DISTRICT, KAY F. DAHILL,
JOANNA McVAY, DIANE RICHARDS,
ROBERT LITTLE and ALAN MATRE

Dated: May ___, 2006                                    LAW OFFICES OF RANDALL L. WIENS


By _____
Randall L. Wiens
Attorneys for Plaintiffs
ADAM G. KELLY, by and through his Guardian Ad Litem PAULETTE M. GRANDINETTI and RAPHELIA B. GRANDINETTI

## **ORDER**

**IT IS HEREBY ORDERED**, good cause appearing, that only the following causes of action against Defendants remain in this litigation:  (1) Assault; (2) Battery; (3) False Imprisonment (inadvertently labeled "Battery"); (4) Disability Discrimination (including retaliation) against the District and the Board Defendants in their official capacities only; (5)

Race/Ethnic/National Origin Discrimination against the District and the Board Defendants in their official capacities only; (6) Intentional Infliction of Emotional Distress; and (7) Negligence against the District and the Board Defendants with the exception of any state tort claims against the Board Defendants arising out of allegations regarding: (a) failure or refusal to terminate or otherwise punish or discipline the Employee Defendants; (b) negligent hiring of Defendant Bagley; and (c) failure to prevent or stop the June 14, 2004 incident. In addition, no cause of action for punitive damages may be stated against the Individual Defendants with respect to the Fourth and Fifth Causes of Action.

**IT IS FURTHER ORDERED** that the Court's April 6, 2006 Minute Order and the April 20, 2006 Stipulation and Order for Continuance of Deadlines Set Forth in Court's April 6, 2006 Minute Order are hereby vacated.

**IT IS FURTHER ORDERED** that the Parties will brief the issue of whether the Board Defendants may be held liable for the negligent hiring, training, or supervision of the Employee Defendants according to the following schedule:

| | |
|---|---|
| May 26, 2006: | Defendants' Opening Brief |
| June 2, 2006: | Plaintiffs' Opposition |
| June 9, 2006: | Defendants' Reply |
| June 16, 2006: | Oral Argument to be heard by the Court at 10:00 a.m. |

Dated: May 12, 2006         By: /s/ Frank C. Damrell Jr.
                                The Honorable Frank C. Damrell, Jr.
                                U.S. District Court Judge
                                U.S. District Court, Eastern District

H:\N\NORTH HIGHLANDS RECREATION-Kelly (CAPRI) [81885]\Kelly, Adam G. (81885)\Pleadings\Stip re Causes of Action Final.doc