1
2
3
4
5
6
7
8
9                        UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11                           ----oo0oo----

12

13
ADAM G. KELLY, by and through
14 his Guardian Ad Litem PAULETTE
M. GRANDINETTI; RAPHELIA B.
15 GRANDINETTI,
                                    NO. CIV. S-05-02047 FCD KJM
16        Plaintiffs,

17     v.                           MEMORANDUM AND ORDER

18 NORTH HIGHLANDS RECREATION &
PARK DISTRICT; CHRISTINE
19 BAGLEY; MARY WALL; HEATHER
HORNBACK; CHUCK BERNARDI; KAY
20 F. DAHILL; TRAVIS BILL; JOANNA
MCVAY; DIANE RICHARDS; ROBERT
21 LITTLE; ALAN MATRE; DOES 1
through 20,
22
          Defendants.
23

24                           ----oo0oo----

25     This matter comes before the court on defendants' North

26 Highland Recreation & Park District ("District"), Joanna McVay

27 ("McVay"), Diane Richards ("Richards"), Robert Little ("Little"),

28

                                1

1   Alan Matre ("Matre") and Kay Dahill's[1] ("Dahill") (collectively
2   "defendants") motion to dismiss plaintiffs' seventh claim for
3   relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil
4   Procedure.[2]  For the reasons set forth below,[3] defendants' motion
5   is GRANTED.

**BACKGROUND[4]**

6

7       Plaintiff Adam G. Kelly was thirteen years old at the time
8   of the events in question.  (Pls.' 1st Am. Compl. ("FAC"), filed
9   Feb. 02, 2006, ¶ 7).  Plaintiff Ralphelia B. Grandinetti is
10  Adam's foster mother and legal guardian.  (Id. ¶ 8).  Adam is a
11  "special needs" foster child who has the mentality of a child of
12  six to eight years of age and who also has epilepsy and some
13  physical abnormalities.  (Id. ¶ 7).  Adam was a member of
14  defendant North Highlands Recreation & Park District's
15  ("District") swim team, the "Highlander Dolphins Swim Team."
16  (Id.)  Defendants McVay, Richards, Little, Matre, and Dahill

17

18      [1]    Defendants Christine Bagley, Mary Wall, Heather
    Hornback, Chuck Bernardi, and Travis Bill have not been served
19  with plaintiffs' complaint and are therefore, not a part of the
    motion.  Due to the exclusion of defendant Bill in a footnote to
20  defendants' motion to dismiss, filed Oct. 31, 2005 (Defs.' Mot.
    at 2 n.2), the court inadvertently included defendant Bill in its
21  prior order.  However, there is no record that defendant Bill has
    been properly served, and, as such, the court's prior inclusion
22  of Bill as one of the moving defendants was in error.  Defendants
    Bagley, Wall, Hornback, Bernardi, and Bill are collectively
23  referenced herein as "Employee defendants."

24      [2]    All further references to a "Rule" are to the Federal
    Rules of Civil Procedure.
25
        [3]    Because oral argument will not be of material
26  assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. Local Rule 78-230(h).
27
        [4]    The facts are taken from the allegations in plaintiffs'
28  First Amended Complaint ("FAC"), filed Feb. 2, 2006.

2

1  (collectively, "Board defendants") are members of the North

2  Highlands Recreation and Park District Board.  (Id. ¶ 16).

3      On June 14, 2004, Adam was participating in his scheduled

4  swimming practice.  (Id. ¶ 21).  Plaintiffs allege that defendant

5  Christine Bagley ("Bagley"), a swim coach for the team, placed or

6  forced Adam to sit on a hot metal folding chair in direct sun in

7  approximately 100 degree weather as some sort of discipline.

8  (Id.)  Adam was forced to remain on the hot metal chair for

9  approximately 35-45 minutes while Bagley yelled at Adam only

10 inches from his face.  (Id.)  When Adam complained that the hot

11 metal chair was hurting him and got up from the chair, Bagley

12 yelled at Adam that he had to remain in the chair or physically

13 forced Adam back into the chair.  (Id.)  Defendants Mary Wall and

14 Heather Hornback both witnessed the interaction between Bagley

15 and Adam, but took no action.  (Id. ¶ 22).  Plaintiffs allege

16 that, as a result of these events, Adam became seriously ill and

17 was treated at the Mercy San Juan Hospital Emergency Room that

18 evening and into the next morning.  (Id. ¶ 24).

19     Plaintiffs allege that Bagley had been terminated from her

20 previous job at the McKinley Park Pool for "abuse" or other

21 improper conduct and that the individual defendants were aware of

22 this fact prior to or after hiring Bagley.  (Id. ¶ 61).

23 Plaintiffs also allege that "the acts of the defendants, and each

24 of them, were done at the direction and with the knowledge,

25 approval, and/or ratification, of the remaining defendants."

26 (Id. ¶ 18).

27     Plaintiffs further allege that defendants did not make

28 reasonable accommodations or modifications in their policies,

1  practices, or procedures to avoid discrimination on the basis of

2  disability, but instead, imposed corporeal punishment upon Adam.

3  (Id. ¶¶ 39-40).  As a result, Adam was ostracized, harassed,

4  threatened, and/or retaliated against for publicizing,

5  complaining about, and seeking disciplinary action for the June

6  14 events.  (Id. ¶¶ 42-44).  Plaintiffs allege that the conduct

7  of defendants was motivated, at least in part, by the race,

8  ethnicity, and/or national origin of Adam's foster mother,

9  Ralphelia Grandinetti, who is Mexican/Hispanic-Italian.  (Id. ¶

10  48).

11      Plaintiffs brought this action in Sacramento County Superior

12  Court against the District and the individual defendants for

13  assault, battery, false imprisonment, intentional infliction of

14  emotional distress, and negligence under California state law.

15  Plaintiffs allege disability discrimination under state and

16  federal law and racial, ethnic, or national origin discrimination

17  under state and federal law.  Plaintiffs request both

18  compensatory and punitive damages.

19      Defendants removed the action to this court on October 11,

20  2005.  Defendants subsequently filed a motion to dismiss all of

21  plaintiffs' state and federal claims and a motion to strike all

22  claims for punitive damages.  In its order filed January 18,

23  2006, the court granted in part and denied in part defendants'

24  motions.  Plaintiffs were given leave to amend the complaint to

25  cure certain deficiencies.

26      On February 2, 2006, plaintiffs filed their first amended

27  complaint.  On February 16, 2006, defendants filed a motion to

28  dismiss the first amended complaint and for sanctions.  On May

4

1  11, 2006, the parties submitted to the court a stipulation and
2  proposed order regarding defendants' motion.  The court entered
3  the order on May 12, 2006.  The stipulation and order provides
4  that the only remaining claims against defendants are as follows:
5  (1) Assault; (2) Battery; (3) False Imprisonment (inadvertently
6  labeled "Battery"); (4) Disability Discrimination and Retaliation
7  against defendant District and Board defendants in their official
8  capacities only; (5) Race/Ethnic/National Origin Discrimination
9  against defendant District and Board defendants in their official
10 capacities only; (6) Intentional Infliction of Emotional
11 Distress; and (7) Negligence against defendant District and Board
12 defendants, with the exception of any state tort claims against
13 Board defendants arising out of allegations regarding: (a)
14 failure or refusal to terminate or otherwise punish or discipline
15 the employee defendants; (b) negligent hiring of Bagley; and (c)
16 failure to prevent or stop the June 14, 2004 incident.
17 (Stipulation and Order, filed May 12, 2006, ¶ 8).  The parties
18 disagree regarding whether a negligence cause of action may be
19 stated against the Board defendants for the negligent hiring,
20 training, and supervision of the Employee defendants other than
21 Bagley.  (Id. ¶ 9).

22     On May 25, 2006, defendants filed a motion to dismiss
23 plaintiff's seventh claim for relief arising out of the
24 allegation that Board defendants were negligent in the hiring,
25 training, or supervision of Employee defendants.  Plaintiffs
26 oppose the motion.
27 /////
28 /////

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. <u>See</u> <u>id.</u>

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957); <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Calif., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**ANALYSIS**

Plaintiffs' seventh claim for relief is a claim of negligence against defendant District and Board defendants. In its January 18 order, the court dismissed with prejudice

6

plaintiff's claims arising out of allegations that defendants
McVay, Richards, Little, Matre, and Dahill negligently hired,
trained, or supervised defendant Bagley and other Employee
defendants.   The court based its ruling on the fact that these
decisions were considered policy decisions by Board defendants.
<u>Caldwell v. Montoya</u>, 10 Cal. 4th 972, 981-84 (1995); <u>Kemmerer v.
County of Fresno</u>, 200 Cal. App. 3d 1426, 1438 (1988).

Defendants bring this motion on the grounds that the January
18 Order dismissed with prejudice plaintiffs' claim that Board
defendants were negligent in hiring, training, and supervising
all of the Employee defendants.   Plaintiff does not dispute that
the court previously ruled that Board defendants have statutory
immunity for these discretionary decisions.   (Pls.' Opp'n, filed
June 5, 2006, at 9-10).   As such, the court cannot discern the
basis for plaintiffs' opposition to defendants' motion to
dismiss.   Therefore, because the court has previously ruled
against plaintiffs on this issue, defendants' motion to dismiss
is GRANTED.

Plaintiffs argue that the allegations of negligence in the
First Amended Complaint need not be stricken because such
allegations have independent and significant value relating to
plaintiffs' ratification arguments.   However, defendants are not
moving to strike any allegations.   Therefore, such arguments are
of no moment.   Plaintiffs also vigorously defend the allegations
regarding violations of mandatory duties.   However, such defense
is unwarranted as defendants' motion to dismiss addresses *only*
plaintiffs' claims arising from Board defendants' hiring,

1  training, and supervision of employees.  Therefore, the court

2  does not address issues not before it.

3  In their opposition, plaintiffs also seek leave to amend the

4  complaint to add claims pursuant to 42 U.S.C. § 1983.  However,

5  plaintiffs have not filed a properly noticed motion for leave to

6  amend.  As such, the court will not consider plaintiffs'

7  improperly-raised request.

8  Finally, plaintiffs request the court to reconsider its

9  prior rulings pertaining to plaintiffs' negligence claim.[5]  As an

10  initial matter, this is not a properly noticed motion.  Further,

11  plaintiffs offer no substantive basis for the court to reconsider

12  its prior rulings.  Rather, plaintiff cites to cases involving

13  the Federal Tort Claims Act and claims brought under § 1983, none

14  of which apply to plaintiffs' claims of negligence.  Plaintiffs

15  argue that the court's ruling is "contrary to established law

16  pertaining to violations of federal *constitutional* rights."

17  (Pls.' Opp'n at 15).  However, plaintiffs have not alleged, and

18  the court has not addressed, any claims relating to violations of

19  *federal constitutional rights*.  Rather, the court has addressed

20  plaintiffs' alleged state law negligence claims, which are

21  separate and apart from any federal claims, and which have been

22  dismissed because state statutory provisions confer immunity on

23  defendants.  Any implication that the court has ruled on federal

24

25  [5]    In a footnote in their opposition, plaintiffs also
26  request reconsideration of the court's January 18, 2006 Order,
   granting defendants' motion to dismiss plaintiffs' ADA
27  retaliation claims against defendants in their personal
   capacities.  This is also not a properly noticed motion.
28  Further, for the reasons set forth in the court's January 18
   Order, plaintiffs' argument is without merit.

1  constitutional claims or that such claims are somehow

2  intrinsically intertwined with plaintiffs' state law claims for

3  negligence is patently erroneous.  Because plaintiffs' request is

4  improperly before this court, without legal support, and without

5  merit, plaintiffs' motion for reconsideration is DENIED.

6                          **CONCLUSION**

7       For the foregoing reasons, defendants' motion is GRANTED.

8       IT IS SO ORDERED.

9  DATED: June 13, 2006

                              /s/ Frank C. Damrell Jr.
10                            FRANK C. DAMRELL, Jr.
                              UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              9