UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ADAM G. KELLY, by and through
his Guardian Ad Litem Paulette
M. Grandinetti; RAPHELIA B.
GRANDINETTI,

        NO. CIV. S-05-2047 FCD KJM

    Plaintiffs,

  v.                      MEMORANDUM AND ORDER

NORTH HIGHLANDS RECREATION &
PARK DISTRICT, et al.,

    Defendants.

----oo0oo----

    This case is before the court on defendant North Highlands Recreation and Park District ("District"), Mary Walls ("Walls"), Kay Dahill ("Dahill") and Travis Bill's ("Bill") (collectively, "defendants") motion to dismiss[1] plaintiffs' complaint pursuant

---

[1] Defendants filed a second amended motion on November 21, 2006, which moved to dismiss defendant Chuck Bernardi for improper service of process; however, this motion was stricken for failure to comply with local rule 78-230. Consequently, the court does not address the motion with respect to Mr. Bernardi.

to Federal Rules of Civil Procedure 12(b)(5)[2] and 12(b)(6),[3] and defendants' motion to strike pursuant to Rule 12(f). Plaintiffs oppose defendants' motions. For the reasons set forth below, defendants' motions are GRANTED in part and DENIED in part.[4]

## PROCEDURAL BACKGROUND[5]

Plaintiffs initially brought this action on July 13, 2005 in state court, and defendants removed the case on the basis of original jurisdiction on October 11, 2005. Subsequently, on October 31, 2005, certain defendants, including the District and Dahill, moved to dismiss plaintiffs' claims pursuant to Rule 12(b)(6). The court issued its ruling on January 19, 2006, granting the motion in part and permitting plaintiffs to file an amended complaint. Plaintiffs' First Amended Complaint ("FAC") was filed on February 2, 2006.

On May 25, 2006, certain defendants, including the District and Dahill, filed a motion to dismiss plaintiffs' seventh cause of action, which was granted by the court on June 14, 2006. An answer to the complaint was filed on behalf of the remaining

---

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[3] Although defendants Walls and Bill do not title their motion as one brought under Rule 12(b)(6), defendants make the substantive allegation that they owed no duty of care to plaintiffs. Consequently, the court interprets this as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

[4] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[5] The facts of this case are set forth in the court's order dated June 14, 2006. (Docket No. 39.)

2

defendants, including the District and Dahill, on August 3, 2006. At this point, plaintiffs had not yet served defendants Walls and Bill, nor had they effected service on defendants Christine Bagley ("Bagley"), Heather Hornback ("Hornback"), or Chuck Bernardi ("Bernardi"). Consequently, in its Pretrial Scheduling Order, dated August 7, 2006, the court gave plaintiffs sixty (60) days to serve the remaining defendants. Plaintiffs served defendants Walls, Bill, and Hornback on October 2, 2006, and served defendant Bernardi on October 25, 2006. To date, plaintiffs have been unable to locate and serve defendant Bagley.

**STANDARD**

**A.   Rule 12(b)(5)**

A motion made pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the method of service of process; it does not challenge the propriety of the person served. Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), rev'd on other grounds, 487 U.S. 412 (1988) (Rule 12(b)(5) was "designed to challenge . . . irregularities in the manner of delivery of the summons and complaint"). Objection to sufficiency of process or the service of process "must be specific and must point out what manner the plaintiff has failed to satisfy the service provision utilized." O'Brien v. R.J. O'Brien & Assoc., 998 F.2d 1394, 1400 (7th Cir. 1993). Upon finding that service of process is insufficient, the court has discretion to dismiss the action without prejudice, quash service and direct plaintiff to effect service within a specified period of time. See Fed. R. Civ. P. 4(m).

/////

3

**B.  Rule 12(b)(6)**

On a motion to dismiss brought pursuant to Rule 12(b)(6), the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**C.  Rule 12(f)**

Rule 12(f) enables the court by motion of a party or by its own initiative to "order stricken from any pleading . . . any

4

redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion is to avoid the time and expense of litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994); see also 5A Wright & Miller, Federal Practice and Procedure 2d § 1380 (1990).

Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted, because they are often used to delay, and because of the limited importance of the pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the litigation." Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996) (citing Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

**ANALYSIS**

Defendants move (1) to dismiss Dahill on the grounds of improper service of process; (2) to dismiss Walls and Bill on the grounds that plaintiffs have failed to state a claim against them upon which relief could be granted; and (3) to dismiss Bagley from the case on the grounds that she has not been served pursuant to the court's August 7, 2006 Pretrial Scheduling Order.

**A.   Defendant Dahill**

Defendant Dahill contends that the complaint must be dismissed against her because she has never been served "in her individual capacity." (Defs.' Mem. of P&As in Supp. of Mot. ["MTD"], filed Oct. 12, 2006, at 5.) Plaintiffs contend that Dahill was personally served by plaintiff's counsel on September

5

15, 2005. (Decl. of Randall L. Wiens in Supp. of Pls.' Opp'n, filed November 14, 2006, at 1.)  Regardless of which contention is correct, the court finds that Dahill has waived any objection she may have had to sufficiency of service of process under Rule 12(b)(5).

Rule 12(h)(1) provides that a defense of insufficiency of service of process is waived if it is not raised in an earlier motion under Rule 12, or if it is not included in a responsive pleading.  See also Church of Scientology v. Linberg, 529 F. Supp. 945, 966-67 (C.D. Cal. 1981) (holding defense of insufficient service of process was also barred by Rule 12(g) where it was not raised in a previous motion to dismiss).  Here, defendant Dahill has been named as a moving party in two earlier motions to dismiss, neither of which alleged improper service of process.  Indeed, defendants' counsel, Alden J. Parker, submitted a declaration to the court on February 16, 2006, signed under penalty of perjury, which states "Plaintiffs served the Complaint on . . . Kay Dahill . . . on September 15, 2005." (Decl. of Alden J. Parker in Supp. Of Defs.' Mot. To Dismiss, filed Feb. 16, 2006, at 2.)  Moreover, Dahill filed an answer to plaintiffs' FAC on August 3, 2006, and did not raise insufficiency of service of process as an affirmative defense in her answer.  Consequently, the court finds that Dahill has waived any objections she may have had, and Dahill's motion to dismiss for insufficient service of process is DENIED.

**B.   Defendants Walls and Bill**

Defendants Walls and Bill contend that they should be dismissed because they "were parent volunteers" who had no

6

special relationship with plaintiffs and owed no duty of care to plaintiffs. Plaintiffs assert that such an argument presupposes facts that are not apparent on the face of their complaint.

On a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which are judicially noticed. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Additionally, it is not necessarily for plaintiffs to plead a particular fact if that fact can be reasonably inferred from those facts that are alleged. Retail Clerks Int'l, 373 U.S. at 753 n.6. Here, plaintiffs' FAC alleges that, at all times relevant, Bill was the president of the Dolphins swim team and Walls was the team director. (FAC ¶¶ 11, 15.) Accepting these allegations as true, it is reasonable to infer that defendants, by virtue of their positions, may have had a special relationship with plaintiffs or otherwise owed plaintiffs a duty of care.

By contrast, defendants' contention that Walls and Bill were merely parent volunteers whose duties were limited to "serving as volunteer judges at swimming competitions, providing refreshment at their expenses [sic], cleaning up, and serving as time keepers" asks the court to consider facts that are not properly before it at this time. For these reasons, defendants Walls and Bill's motion to dismiss the allegations against them is DENIED.

**C.   Defendant Bagley**

Defendants maintain that defendant Bagley should be dismissed because plaintiffs have failed to serve her within the sixty day period set by the Pretrial Scheduling Order. Indeed, plaintiffs have been unable to serve Bagley after nearly a year

and a half of litigation, despite the use of a professional process server and a "skip trace" search. Rule 4(m) provides that service of the summons and complaint shall take place within 120 days after the filing of the complaint. Although the court has "broad discretion" to allow an extension of the time for service, even in the absence of good cause, In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001), an extension should not be indefinite.

Here, the initial period for service on defendant Bagley expired in February 2006. When it came to the court's attention that Bagley still had not been served six months later, in August 2006, the court granted plaintiffs an additional sixty days to effect service. Plaintiffs contend that despite their best efforts, they have been unable to locate and serve Bagley. Further, plaintiffs have filed a motion for an order permitting service on Bagley by publication, pursuant to Rule 4(e)(1) and California Code of Civil Procedure 415.50. In light of plaintiffs' currently noticed motion for service by publication, the court defers ruling on defendants' motion to dismiss.

**D.  Motion to Strike**

Defendants also move to strike those portions of plaintiffs' complaint that have either previously been dismissed or that are dismissed pursuant to this order.[6] However, defendants

---

[6] Plaintiffs argue that defendants' motion to strike is untimely. To the extent that this motion is brought by the District, it is both waived and time-barred. A Rule 12(f) motion, like the Rule 12(b)(5) motion, is waived if the party has previously filed a Rule 12 motion on other grounds. Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Haw. Employment
(continued...)

8

1  misconstrue the purpose of a Rule 12(f) motion.  A Rule 12(f)
2  motion is designed to "excise" improper material from a pleading,
3  such as an insufficient defense or an otherwise "redundant,
4  immaterial, impertinent, or scandalous" allegation.  Day v.
5  Moscow, 955 F.2d 807, 811 (2d Cir. 1992) (citing 5A Wright &
6  Miller at 644).  It is not the appropriate procedural vehicle for
7  dismissal of claims in their entirety.  Id.; Yamamoto v. Omiya,
8  564 F.2d 1319, 1327 (9th Cir. 1977)(Hufstedler, C.J.,
9  dissenting).  Moreover, a claim is not immaterial simply because
10 it was previously the subject of a prior, successful motion to
11 dismiss.  "Where allegations, when read with the complaint as a
12 whole, give a full understanding thereof, they need not be
13 stricken."  LeDuc v. Ky. Cent. Life Ins. Co., 814 F. Supp. 820,
14 830 (N.D. Cal. 1992).  Furthermore, there is no need for this
15 court to duplicate, with an order striking portions of the
16 complaint, what has already been achieved with prior orders
17 granting dismissals of claims or parties.  For these reasons,
18 defendants' motion to strike portions of plaintiffs' complaint is
19 DENIED.
20 /////
21 /////
22 /////

---

[6](...continued)
Benefit Admin., 688 F.2d 1228, 1232 (9th Cir. 1982).  Rule 12(f) motions brought by a party must also be made within twenty days of service of the pleading which the party seeks to attack.  Fed. R. Civ. P. 12(f).  However, because defendants Walls and Bill were each served on October 2, 2006, and this motion was filed on October 12, 2006, defendants Walls and Bill's motion to strike is timely.

9

**CONCLUSION**

Based on the foregoing, the court finds as follows:

1. Defendants' motion to dismiss Kay Dahill pursuant to Rule 12(b)(5) is DENIED.
2. Defendants' motion to dismiss Mary Walls and Travis Bill is DENIED.
3. Defendants' motion to dismiss Christine Bagley is DEFERRED in light of plaintiffs' motion for service by publication.
4. Defendants' motion to strike portions of plaintiffs' complaint is DENIED.

IT IS SO ORDERED.

DATED: December 7, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE